Marjorie Floor, as Executor of the Last Will and Testament of Eric Floor, Deceased, Ray C. Landstrom, et al., Plaintiffs-Appellants, v. Schaffhausen Corporation, a New York Corporation, et al., Defendants-Appellees.

Gen. No. 64–13.

Third District.

June 9, 1964.

Berry & O'Conor, of Streator, for appellants.

Rothschild, Hart, Stevens & Barry, of Chicago, and Hupp and Irion, of Ottawa (William G. Myers and Frederick W. Irion, of counsel), for appellee, Schaffhausen Corp.

SCHEINEMAN, J.

This is an appeal from a summary judgment entered against plaintiffs which terminated their suit against the defendant, Schaffhausen Corporation. The facts are as follows:

The plaintiffs owned all the stock of a certain corporation which was having financial difficulties. They entered into a contract to sell their stock to the defendant, referred to as the purchaser, and the purchaser agreed to pay $375,000 within a term of 10 years. If the company became profitable, a minimum portion of the earnings was to be paid each year and all the balance at the end of 10 years. The contract contained the following escape clause:

> "The Purchaser has the right to assign its rights, under this agreement, to J. F. Schaffhausen or a corporation directly or indirectly controlled by the Purchaser, or by J. F. Schaffhausen and upon such assignment said assignee will be substituted as Purchaser hereunder with the same effect as if said assignee initially had signed this agreement as Purchaser, and thereupon the Schaffhausen Corporation shall have no further rights or obligations hereunder."

Probably, it was hoped the new management could make the company operate successfully. However, it does not appear to have materialized in that way,

and the purchaser organized a subsidiary company and assigned the contract to that company.

It is contended by the plaintiffs that summary judgment was not permissible because of disputed questions of fact. Also that the contract should be construed to limit the assignment to some company controlled by the purchaser at the time the contract was signed.

As to the first point, we have been unable to find any disputed question material to a decision of the case, and none is pointed out in plaintiffs' brief.

The plaintiffs filed a lengthy document entitled Objections to Motion for Summary Judgment. Although, it is sworn to, it consists almost entirely of argument, and no witness could testify in accordance with its assertions.

■ For the other point, we note an argument that the purchaser did not control the assignee because it was not in the actual operation of business. This point cannot be sustained. Control of the corporation is a commonly used expression, and it means the ownership of a certain minimum percentage of outstanding stock. Definitions to that effect appear in several statutes of this state, as well as in federal statutes. An example is our Illinois Sales Act, ch 121½, sec 137.2–4. It must clearly follow that ownership of 100% of the stock puts the corporation under control of that owner.

■ Plaintiffs cite certain precedents to the effect that duties and liabilities imposed by contract cannot be assigned without the consent of the other party. This is the law, but the consent may be given in the original contract as well as at the time of the assignment. 6 CJS, "Assignment," sec 25.

Plaintiffs also contend this court should construe the contract in such a way as to modify the escape clause, citing Minnesota Lumber Co. v. Whitebreast Coal Co., 160 Ill 85, 43 NE 774, and other cases. These

cases are not in point. The rule concerning construction of contracts is well settled and is expressed in the following quotation:

"The intention of the parties to a contract must be determined from the language employed in the contract, and, where there is no ambiguity, from such language alone, even though the parties may have failed to express their real intention. Their intention is not to be determined from any surmises that they intended certain conditions which they failed to express, or, in general, from some thought that existed merely in their minds. As frequently said, where there is no ambiguity in the terms of a written contract, the instrument itself affords the only criterion of the intention of the parties. Absence of a provision from a contract is evidence of an intention to exclude such provisions; certainly, the fact of such absence cannot, of itself, give rise to an implied intention to include it." 12 ILP, Contracts, sec 213.

■ The provision of the contract herein quoted is clear and unambiguous; for this court to revise it so as to limit the class of assignees, otherwise than the limits stated, would be a violent abuse of the legal principle above quoted.

■ Plaintiffs also make some attack in their argument on the existence of the defendant as a corporation, but no point is made of it. We observe that it is undisputed the State of Illinois issued a charter to that corporation, and this is the best evidence that it is a corporation de jure. The judgment is affirmed.

Judgment affirmed.

CULBERTSON, P. J. and ROETH, J., concur.