DOLORES A. ROBERTS, Indiv. and as Adm'r of the Estate of Paul W. Roberts, Deceased, Petitioner-Appellee, v. NATIONAL LIBERTY GROUP OF COMPANIES, Adm'r for Veterans Life Insurance Company, Respondent-Appellant.

Fourth District   No. 4—86—0784

Opinion filed August 13, 1987.

William L. Townsley, of Sebat, Swanson, Banks, Garman & Townsley, of Danville, for appellant.

M. Eugene Wright, of Wright Law Offices, of Danville, for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

In spring of 1982, plaintiff Paul Roberts called defendant Veteran's Life Insurance Company (administered by National Liberty Group of Companies) in response to a television ad. Mr. Roberts applied for a $30,000 life insurance policy which was only available to individuals under the age of 60 years. Mr. Roberts' original application, submitted prior to his sixtieth birthday, was either lost or misplaced by the defendant insurance company. A second application exists which is signed by Mr. Roberts and his wife Dolores under the date of April 7, 1982. A notation on the application indicates receipt by the defendant's mailing room of November 23, 1982. The parties stipulated that the application and the policy itself were backdated so that the 60-year limitation of insurance liability could be avoided. The issued policy was backdated to April 11, 1982. Mr. Roberts' sixtieth birthday occurred in April of 1982.

On the insurance application, Mr. Roberts had reported that he had been treated for an ulcer; however, he marked "no" on the question of treatment for high blood pressure. In fact, the record indicates that in 1979 and 1980 Mr. Roberts was tested for blood pressure at the office of his family physician, Dr. Hetherington. Various readings were slightly elevated, and eventually medication was prescribed in June 1979. No testing appears from December of 1980 through May of 1982. According to the defendant's corporate records, a call was made to the Roberts' residence on November 23, 1982, asking about the prior treatment for ulcers. There had been no surgery for the ulcers and no current medication.

Cancer was diagnosed in Mr. Roberts in October of 1982, and he died of cancer on June 5, 1983. A claim was duly processed by Mr. Roberts' wife, Dolores (listed beneficiary), at which time the defendant denied the claim and mailed Mrs. Roberts a premium refund

check totaling $818.62.

Mrs. Roberts was appointed administrator of her husband's estate by the circuit court of Vermilion County. She filed suit against the defendant demanding the $30,000 together with interest thereon. The trial court found for the plaintiff.

Upon appeal the defendant contends that the false answer on the application regarding high blood pressure treatment constituted a misrepresentation which allows them to void the policy. Additionally, the defendant asserts that the failure to disclose the cancer prior to the policy's being issued allows them to void the policy.

■ Under Illinois law, a false statement in an application for insurance is not in itself a ground for voiding the insurance policy. The insurer must prove that the statements were made with intent to deceive or involved matters materially affecting the acceptance of the risk. (Ill. Rev. Stat. 1985, ch. 73, par. 766.) The statute is to be read in the disjunctive and an insurer need not show both the materiality of the misrepresentation and an actual intent to deceive, but satisfies its burden if it establishes either a material misrepresentation or an intent to deceive. *Campbell v. Prudential Insurance Co. of America* (1958), 15 Ill. 2d 308, 155 N.E.2d 9.

■ A "misrepresentation" is a false representation of a material fact by one party to an insurance contract to the other party, tending directly to induce the other party to enter into a contract of insurance. (*Jung v. Siegal* (1942), 314 Ill. App. 67, 40 N.E. 2d 840.) The trial court, as the fact finder, found that the evidence of previous medical attentions, the method of completing the form and the disclosure of the ulcer condition required a finding of lack of intent to deceive. The trial court's findings are presumed to be correct. (*Gillespie v. Gillespie* (1966), 70 Ill. App. 2d 38, 216 N.E.2d 462.) We agree with the trial court. The omission in reporting the high blood pressure does not reflect a concerted effort to deceive the insurance company when viewed in light of the totality of the circumstances. Furthermore, Mr. Roberts' doctor believed the elevated pressure was slight and was technically stress-related hypertension rather than a physical condition constituting high blood pressure.

■ Still, a misrepresentation could void the policy if it materially affected the acceptance of the risk or the hazard assumed by the company. (Ill. Rev. Stat. 1985, ch. 73, par. 766; *Safeway Insurance Co. v. Duran* (1979), 74 Ill. App. 3d 846, 393 N.E.2d 688.) Again, we sustain the trial court's determination that the misrepresentation did not materially affect the acceptance of the risk or the hazard assumed by the defendant insurance company.

■ Incomplete answers, or failure to disclose material information in response to a question in an application may constitute a material misrepresentation. (*Stone v. Those Certain Underwriters at Lloyds, London, Subscribing to Cover Note No. SL 10001* (1980), 81 Ill. App. 3d 333, 401 N.E.2d 622.) Whether an applicant's statements are material is determined by the question of whether reasonably careful and intelligent men would have regarded the facts stated as substantially increasing the chances of the events insured against so as to cause a rejection of the application or different conditions. (*Garde v. Country Life Insurance Co.* (1986), 147 Ill. App. 3d 1023, 498 N.E.2d 302.) In the instant case, there was testimony at trial that high blood pressure such as indicated here did not usually result in the defendant refusing insurance. The defendant's representative testified that the rate of the premium would most likely be involved. The large volume of applications made to the company indicates that an affirmative response to the blood pressure question would result in only a telephone check to the applicant such as was the circumstance on the ulcer matter.

■ Lastly, the defendant contends that the failure to disclose the cancer prior to the issuance of the policy in November of 1982 voided the policy. The cancer was diagnosed one month prior to the receipt of the application by the defendant. However, the policy which was issued predates by six months the date that the cancer was diagnosed. The trial court held that the backdating of the policy estopped the defendant from asserting the defense of nondisclosure.

"Estoppel" is a term applied to a situation where a party is denied the right to plead or prove an otherwise important fact because of something which he has done or omitted to do. (*Jennings v. Bituminous Casualty Corp.* (1964), 47 Ill. App. 2d 243, 197 N.E.2d 513.) If a party's conduct has reasonably induced another to follow a course of action that otherwise would not have been followed, and which would be to the latter's detriment if he could not later repudiate such course of action, an estoppel will arise to prevent injustice or fraud. (*Sabath v. Morris Handler Co.* (1968), 102 Ill. App. 2d 218, 243 N.E.2d 723.) The test of estoppel is whether, considering all the circumstances of the case, conscience and honest dealing require that the defendant be estopped. (*Lincoln-Way Community High School Dist. 210 v. Village of Frankfort* (1977), 51 Ill. App. 3d 602, 367 N.E.2d 318.) Estoppel generally is based upon an insurance carrier's conduct and/or representations which misled an insured to his detriment. (*DeGraw v. State Security Insurance Co.* (1976), 40 Ill. App. 3d 26, 351 N.E.2d 302, *appeal denied* (1976), 64 Ill. 3d 595.) We agree

with the trial court. The defendant may not now adopt an inconsistent position or course of conduct to the loss of the plaintiff. Indeed, had the policy not been backdated then no policy would exist because Mr. Roberts' sixtieth birthday occurred in April 1982. The insurance coverage in question was only available to individuals under 60 years of age. Equity requires that due to the defendant's action of backdating the application and policy, it now be barred from asserting the nondisclosure defense.

For all of the foregoing reasons the judgment of the circuit court of Vermilion County is affirmed.

Affirmed.

SCOTT and STOUDER, JJ., concur.