**COMMERCIAL LIFE INSURANCE CO., a corporation, Plaintiff,**

v.

**LONE STAR LIFE INSURANCE COMPANY, a Texas corporation, and Leininger Mid–States Paving Company, an Illinois corporation, Defendants.**

**LEININGER MID–STATES PAVING COMPANY, an Illinois corporation, Counter–Plaintiff,**

v.

**LONE STAR LIFE INSURANCE COMPANY, a Texas corporation, Counter–Defendant.**

**LEININGER MID–STATES PAVING COMPANY, an Illinois corporation, Third–Party Plaintiff,**

v.

**ROBIN D. EARL & ASSOC., LTD., an Illinois corporation, and Robin D. Earl, Third–Party Defendants.**

No. 88 C 5004.

United States District Court, N.D. Illinois, E.D.

Dec. 27, 1989.

Frank L. Schneider, Clausen Miller Gorman Caffrey & Witous, Chicago, Ill., for plaintiff.

Kimball R. Anderson, Gay R. Schreiber, Winston & Strawn, Edward P. McNeela, Gary L. Griffin, James R. Dashiell, McNeela & Griffin, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Commercial Life Insurance Company ("Commercial") filed this action against Leininger Mid–States Paving Company ("Leininger") and Lone Star Life Insurance Company ("Lone Star"). Commercial seeks reimbursement of medical expenses that it paid on behalf of a Leininger employee. Leininger subsequently filed a counterclaim against Lone Star. Lone Star has moved for summary judgment on the Commercial's claim and Leininger's counterclaim. Commercial has filed a cross motion for summary judgment. For the reasons given below, we grant Lone Star's motion for summary judgment.

### Background

John Telutki was employed as a supervisor at Leininger Mid–States Paving Company. Telutki had a long history of heart problems. He had a quadruple bypass operation in 1979, and received extensive treatment following this procedure. In May 1987, he underwent a heart transplant operation. Unfortunately, this operation was not successful; Telutki died on December 12, 1987.

As might be expected, Telutki's health care was expensive. Commercial Life Insurance, which had issued a group insurance policy to Leininger, paid over $200,000 in medical benefits on behalf of Telutki. However, Commercial now contends that it should be reimbursed for these payments, and has instituted this action against Leininger and Lone Star Life Insurance Company.

Commercial claims that it is entitled to reimbursement from the defendants for

two reasons. First, Commercial alleges that Leininger misrepresented that Telutki was an eligible employee under the group insurance policy. Second, it alleges that Telutki was covered under the extended benefits provision of a group insurance policy issued to Leininger by Lone Star.

Leininger has filed a counterclaim against Lone Star. Leininger contends that it is entitled to a judgment against Lone Star "for any amount which the Court might find due from Leininger to Commercial."

Lone Star, however, claims that it is entitled to summary judgment against both Leininger and Commercial. According to Lone Star, the "Preliminary Application for Group Insurance" completed by Leininger contains misrepresentations that render the policy coverage void as to Telutki. Lone Star identifies two statements which Leininger made when it completed this form. First, Leininger stated that no person who was eligible for this coverage had incurred medical expenses in excess of $5,000 in the two years prior to the date of the application. Second, Leininger stated that no person eligible for coverage had been disabled for a period of 14 days or more. Although the parties dispute whether Telutki had been disabled for a period of 14 days, they are in agreement that Telutki had incurred more than $5,000 in medical expenses during the two years prior to the date of application.

### Standard of Review

"A motion for summary judgment should be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Checkers, Simon & Rosner v. Lurie Corp.,* 864 F.2d 1338 (7th Cir.1989) (citation omitted). The moving party bears the burden of establishing the absence of any disputed facts. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). If, however, the nonmoving party bears the burden of proving an issue at trial, it also bears the burden of presenting sufficient facts on summary judgment from which a trier of fact could find in its favor, and the moving party need only

"[point] out to the District Court ... that there is an absence of evidence to support the nonmoving party's case." *Id.* 106 S.Ct. at 2554; *Beard v. Whitley County REMC,* 840 F.2d 405, 410 (7th Cir.1988). In deciding a motion for summary judgment, the court must read all facts in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); *Richardson v. Penfold,* 839 F.2d 392, 394 (7th Cir.1988).

### Discussion

Lone Star contends that the preliminary application completed by Leininger contains misrepresentations that render the policy void as to Telutki. The legal basis for this argument is § 979(2)(a) of the Illinois Insurance Code. This statute provides:

[No policy of group insurance may be issued in the State of Illinois unless it contains a] provision that the policy, the application of the employer, or executive officer or trustee of any association, and the individual applications, if any, of the employees, members or employees of members insured shall constitute the entire contract between the parties, and that *all statements made by the employer, or the executive officer or trustee, or by the individual employees, members or employees of members shall (in the absence of fraud) be deemed representations and not warranties, and that no such statement shall be used in defense to a claim under the policy, unless it is contained in a written application.*

Ill.Rev.Stat. ch. 73 § 979 (emphasis added). Lone Star argues that Leininger committed a misrepresentation within the ambit of the statute when it stated in the "Preliminary Application" that none of its employees had been disabled for more than 14 days or incurred more than $5,000 in medical expenses during the last two years.

Commercial and Leininger contest Lone Star's application of the statute to the facts at hand. First, they argue that any misrepresentation on the Preliminary Application was not material. Second, they claim

that the Preliminary Application is not a written application within the meaning of the statute. Finally, Commercial asserts that the parol evidence rule bars consideration of the statements made in the preliminary application.[1]

As a threshold matter, we note that we may properly consider only one of the two alleged misrepresentations on this motion for summary judgment. While Commercial and Leininger concede that Telutki incurred more than $5,000 in medical expenses in the two years prior to the filing of the Preliminary Application, they argue that there are disputed issues of fact as to whether he was disabled for 14 days or more. Viewing the facts most favorably to the non-movants, Leininger's statement may not have been a misrepresentation due to the ambiguity of the term "disabled." Therefore, our inquiry is limited to whether the statement regarding employee health expenses voids the policy as to Telutki.

## A. Materiality

■ The Illinois Insurance Code limits the insurer's ability to avoid or defeat an insurance policy because of an insured's misrepresentation. Section 154 of the Code provides that a misrepresentation must either be made with actual intent to deceive or materially affect the acceptance of the risk to allow the insurer to avoid the policy. Because Leininger's intent is shrouded in issues of fact, we will only consider whether the statement regarding employee health expenses was a material misrepresentation.

"Whether an applicant's statements are material is determined by the question of whether reasonably careful and intelligent men would have regarded the facts stated as substantially increasing the chances of the events insured against, so as to cause a rejection of the application or different conditions." Garde by Garde v. Country Life Ins. Co., 147 Ill.App.3d 1023, 101 Ill.Dec.

120, 126, 498 N.E.2d 302, 308 (4th Dist. 1986) (citations omitted); Hatch v. Woodmen Acc. & Life Co. 88 Ill.App.3d 36, 42 Ill.Dec. 925, 928, 409 N.E.2d 540, 543 (2nd Dist.1980). "Incomplete answers, or failure to disclose material information in response to a question in an application may constitute a material misrepresentation." Roberts v. Nat. Liberty Group of Comp., 159 Ill.App.3d 706, 111 Ill.Dec. 403, 405, 512 N.E.2d 792, 794 (4th Dist.1987) (citation omitted).

It is uncontroverted that Leininger failed to disclose that Telutki had incurred more than $5,000 in medical costs in the two years prior to the application. Indeed, during the period lasting from March 7, 1984 to January 13, 1985, Telutki's medical care cost over $20,000. (Lone Star, Ex. B). Edward Mount, Lone Star's Director of Underwriting, states that Lone Star would have rejected the Leininger application if Leininger had provided accurate information regarding Telutki's medical condition.[2] (Lone Star, Ex. R). Mount explains that the Leininger group was too small to underwrite a policy that afforded coverage to an individual with a history of coronary problems.

We find that the misrepresentation at issue was material as a matter of law. Although materiality is normally a question of fact, summary judgment is appropriate where the misrepresentation is of such a nature that there can be no dispute as to its materiality. Garde by Garde, 101 Ill.Dec. at 126, 498 N.E.2d at 308 (citation omitted). There is no question that Lone Star would have reached an alternative assessment of the risk of underwriting the Leininger policy had it known of Telutki's medical history. His heart condition clearly "increased the risk of the event insured against," Id. Knowledge of Telutki's condition would undoubtedly have resulted in rejection of Leininger's application, or at the very least,

---

1. Commercial also argues that Lone Star was obligated to provide a copy of the alleged misrepresentation to Telutki. However, the deceased Telutki is not a party to the current dispute. All of the parties who are involved in this contest have been furnished with a copy of the alleged misrepresentation.

2. The materiality of a misrepresentation may be established by the testimony of an underwriter or employee of the insurance company. Garde by Garde, 101 Ill.Dec. at 126, 498 N.E.2d at 308 (citations omitted).

a higher premium. Moreover, under Illinois law, "heart disease is considered a material factor in assessing the risks assumed by an insurance company." *Massachusetts Mut. Life Ins. Co. v. Leberis,* 595 F.Supp. 157, 159 (N.D.Ill.1984) (citations omitted). *See also Garde by Garde,* 101 Ill.Dec. at 120, 498 N.E.2d at 302; *Apolskis v. Concord Life Insurance Co.* 445 F.2d 31 (7th Cir.1971).

■ Commercial and Leininger suggest that the materiality of the misrepresentation is affected by Lone Star's failure to check hospital records and undertake other underwriting precautions. The implicit foundation of this argument is an assumption that Lone Star had an obligation to take these measures. However, that assumption is incompatible with Illinois law. An insurance company has the right to rely on the truthfulness of the answers given by an insurance applicant, and the insured has the corresponding duty to supply complete and accurate information to the insurer. *Garde by Garde,* 101 Ill.Dec. at 126, 498 N.E.2d at 308; *Apolskis,* 445 F.2d at 35; *National Boulevard Bank v. Georgetown Life Insurance Co.,* 129 Ill.App.3d 73, 84 Ill.Dec. 330, 472 N.E.2d 80 (1st Dist. 1984). Because Lone Star was under no duty to conduct an investigation into the truthfulness of Leininger's responses, its failure to conduct this investigation does not affect the materiality of the misrepresentation.

**B. Written Application Requirement**

■ The Illinois Insurance Code provides that a misrepresentation may not be used as a defense "unless it is contained in a written application." Ill.Rev.Stat. ch. 73 § 979. Leininger and Commercial argue that Lone Star has not satisfied this requirement. They claim that the "Preliminary Application" relied on by Lone Star is not a "written application" within the meaning of the statute. They contend that a subsequent document labeled as the "Application" is the only form which could be the basis for a defense under § 979.

In *Hofeld v. Nationwide Life Insurance Company,* 59 Ill.2d 522, 322 N.E.2d 454 (1975), the Illinois Supreme Court discussed § 979. In comparing the group policy provision of the Illinois Insurance Code to the general provision, the Court had occasion to consider the public policy underlying § 979. The Court stated that:

> This expression of public policy with reference to group accident and health insurance, like that relating to group life insurance, requires only that a defense of misrepresentation must be based on a *written* application. The application need not be attached either to the basic policy or to the certificate received by the insured in order to use the misrepresentation as a defense to the policy.

*Id.* 322 N.E.2d at 460 (emphasis in original). The emphasis in this explanation of the statute's policy is not that the application should take any particular form, but that the misrepresentation should be in a written document.

Given the Illinois Supreme Court's expression of the statute's policy, we find that the Preliminary Application is an "application" within the meaning of § 979. Certainly, it is an application in the normal usage of the word. Leininger was applying for insurance coverage from Lone Star. It completed a written application and provided information through which Lone Star could evaluate the risk of coverage. Leininger officers signed the application and agreed to update the information that had been provided.

Leininger and Commercial argue that the Preliminary Application should not be held to constitute a § 979 application because Lone Star issued another document, which used the word "application" in its title. This subsequent document, the "Application For and Acceptance of Group Insurance Policy," contains no underwriting information about Leininger. Relying on this document, Commercial and Leininger claim that an insurance policy cannot be voided on the basis of the insured's misrepresentations unless these statements are made in a document entitled "Application."

Despite its title, the Preliminary Application is a written application within the meaning of the Insurance Code. The argu-

ment advanced by Commercial and Leininger places sole emphasis on the labels chosen by the insurer, rather than the purposes and policies of the statute. The statute demands that a misrepresentation defense be based on "a written application," not *the* written application. The Preliminary Application is a written document, executed for the purpose of acquiring insurance coverage, in which representations are made about a party's insurability. This document meets the statutory definition.

### C. Parol Evidence Rule

Commercial argues that we may not consider the Preliminary Application because it is barred by the parol evidence rule. The "Application For and Acceptance of Group Insurance Policy" provides that:

The entire contract will be:

(1) the attached policy; and

(2) this application.

Commercial correctly states that where the parties have integrated their agreement into a written document, parol evidence is inadmissible to vary the terms of the contract. According to Commercial, the Preliminary Application constitutes parol evidence, and is not part of the contract between the parties.

However, application of the parol evidence rule "presupposes the existence of a valid contract; accordingly, it does not bar evidence to show that no contract exists or that the contract is invalid." *Dellcar & Co. v. Hicks,* 685 F.Supp. 679, 680 (N.D.Ill. 1988). In this case, the Preliminary Application is offered to demonstrate that no valid contract existed between the parties. It is not employed to alter or vary the terms of the agreement. Therefore, the parol evidence rule does not bar consideration of the Preliminary Application. *Id.; Gonzalez v. Schmerler Ford,* 397 F.Supp. 323 (N.D.Ill.1975).

### Conclusion

We find that the Preliminary Application is a written application within the meaning of the Illinois Insurance Code. We also find that this document contains a material misrepresentation which renders the policy void as to Telutki. Accordingly, we grant summary judgment in favor of Lone Star. It is so ordered.