CHARLES R. BAIN, Plaintiff-Appellant, *v.* BENEFIT TRUST LIFE INSURANCE COMPANY, Defendant-Appellee.

Fifth District   No. 5—83—0631

Opinion filed May 25, 1984.—Rehearing denied May 25, 1984.

Mark D. Hassakis, of Hassakis & Hassakis, of Mt. Vernon, for appellant.

Glen E. Moore, of Campbell, Furnall, Moore & Jacobsen, P.C., of Mt. Vernon, for appellee.

JUSTICE KARNS delivered the opinion of the court:

Charles R. Bain, a former employee of Fruit Growers Express Company (FGE), seeks recovery of disability benefits under an insurance policy issued by Benefit Trust Life Insurance Company (Benefit) to FGE on behalf of FGE's employees. Bain appeals from the judgment of the circuit court of Jefferson County granting summary judgment to Benefit because Bain had failed to satisfy the master contract's eligibility requirement of "six consecutive months of actual full time employment" with FGE.

Bain started to work for FGE on September 4, 1979. On October 24, 1979, he completed and signed a group enrollment card as part of the application procedure for coverage under the contract between Benefit and FGE. The enrollment card, which was sent to Benefit, listed Bain's occupation as project engineer. Bain described his duties as designing and supervising the building of freight cars. FGE said his work entailed "traveling to and from job sites on r.r. yard-loading & unloading r.r. cars at remote sites." Bain was unable to work on January 8, 1980, and it is undisputed that he was absent from his employment from that date until March 17, 1980. During that period he was hospitalized for treatment of arteriosclerosis obliterans, and his

right leg was amputated below the knee. On January 26, 1980, a second operation was performed to close off the stump.

Bain returned to FGE on March 17, 1980. The record provides no evidence that FGE notified Benefit of Bain's absence or return. On April 25, 1980, FGE paid the first premium to Benefit on Bain's behalf. Bain's group enrollment card in Benefit's files noted that the certificate of coverage was sent on May 5, 1980. Bain worked until May 14, 1980, when a heart attack and pulmonary blood clots forced him to stop working. In response to an interrogatory concerning the performance of his duties, Bain stated, "I also performed duties from bedside during my different illnesses." He talked on the phone and was consulted about the making of freight cars.

When Bain returned to FGE on March 17, 1980, he found on his desk a group insurance identification card and a certificate of coverage issued by Benefit. The identification card stated that Bain's disability coverage was effective as of March 4, 1980. The certificate stated that "the Insured named in the Identification Card *** is insured *** and is covered by" the contract. The certificate also contained a provision captioned "EFFECTIVE DATE OF INSURANCE" which referred to the date on the card as "[t]he effective date of insurance." The same provision explained that there would be a delay in coverage if the employee were absent on the day his insurance would ordinarily become effective. If he were absent from work on that day because of a disability, leave of absence or temporary layoff, his insurance would become effective when he recovered or returned and resumed full-time employment.

A single sentence within the paragraph describing the "EFFECTIVE DATE OF INSURANCE" stated that "[a]ll benefits described herein are governed by and subject in every respect to the provisions of the Group Insurance Contract referred to above which alone constitutes the agreement under which payments are made." Part IV of the certificate provided that the contract "will be kept on file at the principal office of the Assured and may there be inspected by any Insured during the regular business hours of the Assured, [FGE]." As late as January 19, 1983, when Bain filed his amended complaint, he alleged that the contract had not been "made available to or delivered to [him] ***."

On May 14, 1980, Bain was hospitalized for treatment of a heart attack, pulmonary blood clots and related conditions. His doctor considered it unlikely he would ever return to work. In December 1980, Bain filed his claim for long-term disability benefits under the contract between Benefit and FGE. After Benefit denied Bain's claim,

FGE stopped paying premiums for Bain. In January and July 1981, Benefit sent letters to FGE explaining its denial of Bain's claim on the ground that his disability was the result of a condition existing prior to the effective date of his insurance, March 4, 1980. Arthur J. Fischer, writing on behalf of Benefit in July 1981, said, "[n]o one is contending that the man never became eligible for insurance ***." Fischer expressed difficulty in understanding the issues raised by Bain's attorney at that time and pointed out to FGE that Benefit's information was "based upon that provided by your company ***." It is not clear when Bain received a copy of Fischer's letter to FGE or a letter from FGE advising Bain of a review of his eligibility.

Failing to receive benefits for his disability, Bain sought a declaratory judgment that he was covered by the insurance contract between Benefit and FGE because the certificate and identification card established an effective date of March 4, 1980. He also sought damages and an adjudication of his right to receive benefits until he was 70 years old.

Benefit admitted that Bain had been furnished an identification card and certificate by FGE but denied that Benefit knew of Bain's absence from work at the time it issued these items. As the first of three affirmative defenses, Benefit cited Part I, Paragraph C of the contract, which stated that an employee became eligible for insurance "on the date he completes six consecutive months of active full time employment for the Employer." Benefit pointed out that Bain had failed to satisfy this requirement. The other two affirmative defenses are based on exceptions from coverage which are not at issue here. Thus the parties joined issue on whether the contract or the certificate was controlling in a determination of Bain's right to disability benefits.

Each party moved for summary judgment. Bain contended that there was no genuine issue of fact concerning his coverage under the contract between Benefit and FGE because the identification card and certificate of coverage stated that the insurance was effective on March 4, 1980. He reasoned that a conflict on the issue of coverage arose because the contract stated a requirement of six consecutive months of employment and the certificate and card declared his insurance effective on March 4, 1980. He asked the court to find an ambiguity arising from this conflict between the documents and to apply the rule that ambiguities in the meaning of insurance contracts are resolved in favor of the insured, thus giving effect to the terms of the certificate and identification card. Bain also raised the question of whether Benefit had waived the contract requirement or could be es-

topped from asserting it because Benefit issued the card and certificate.

Benefit argued that the contract was not in conflict with the certificate because the certificate was silent on the requirements for eligibility, that Bain may have been an "insured" and that a contract may have been "in effect" or "effective," but nonetheless to be eligible for benefits, he must have satisfied the six-month requirement of the master contract. Benefit considered the contract to be controlling and that there was no factual dispute that Bain had never become eligible under the contract because he had not worked full time for six consecutive months. Benefit also argued that it had not waived the contract requirement nor did its issuance of the card and certificate estop it from asserting the eligibility requirement because when it issued the card and certificate it had no knowledge of Bain's absence from work. Bain conceded that he had no evidence that Benefit knew of his absence from work. Benefit asserted that the letters sent by its employees in 1981 established neither waiver nor estoppel because they were also based on Benefit's lack of information.

At the hearing on the motions for summary judgment, Bain conceded that he could not prove he had worked full time for the six months required, unless taking phone calls at his hospital bed could be construed to satisfy the requirement. In argument to this court, Bain again conceded "[t]here is no dispute that the plaintiff never completed six *consecutive* months of active full-time employment for his employer *** [and] that the plaintiff never became eligible for insurance ***." Bain has consistently recognized that he could not prevail if the contract were controlling.

As the case was presented to the trial court, there were no genuine issues of fact concerning the major events leading to Bain's claim for disability benefits. All parties agreed that Bain could not satisfy the contract requirement, that the card and certificate issued before Benefit knew of Bain's absence, and that Bain found them on his desk when he returned to work on March 17, 1980. The trial court found no facts sufficient to raise a genuine issue of waiver or estoppel. Although the trial court found that Benefit had failed to submit the certificate of coverage to the Director of Insurance for approval, it considered that finding to have no effect on its decision.

The major question posed to the trial court was a question of law: whether there was an ambiguity as to coverage arising from a conflict between the contract and the certificate. In resolving this question, the trial court relied on *Hofeld v. Nationwide Life Insurance Co.* (1975), 59 Ill. 2d 522, 322 N.E.2d 454, which held that where there is

no conflict between the contract and certificate because the certificate is silent on a subject expressed in the contract, the contract controls. The court began its construction of the certificate and contract by comparing the two documents part by part. Finding no provision in the certificate to correspond with Part I of the contract which set out the six-month requirement, the trial court concluded that the certificate was silent on that matter and could not be in conflict with the contract. The court matched Part II of the contract, captioned "EFFECTIVE DATE OF INDIVIDUAL INSURANCE," with the certificate provision captioned "EFFECTIVE DATE OF INSURANCE." The court drew a line between provisions dealing with eligibility and those defining the effective date, and it did not compare them with each other. By divorcing language of eligibility from that of effectiveness, the court was able to conclude that the contract's six-month requirement was the only measure of the time at which Bain would be covered. In light of Bain's admission that he could not satisfy such a requirement, the court granted summary judgment to Benefit.

Bain asks us to determine whether (1) the trial court erred in finding as a matter of law that there was no conflict between the contract and the certificate as to his coverage under the contract between Benefit and FGE; (2) whether there was a genuine factual issue of waiver or estoppel; and (3) whether Bain is entitled to benefits under the doctrine of reasonable expectations.

■■ One purpose of a summary judgment proceeding is to render prompt judgment on a question of law where no genuine factual issues exist between the parties. (*Kusiciel v. LaSalle National Bank* (1982), 106 Ill. App. 3d 333, 435 N.E.2d 1217.) Construction of an insurance policy presents only a question of law and may properly be decided by summary judgment. (*Rivota v. Kaplan* (1977), 49 Ill. App. 3d 910, 364 N.E.2d 337.) In reviewing a trial court's entry of summary judgment, the reviewing court's sole function is to determine whether the trial court correctly determined that there were no genuine issues of material fact, and if there were none, whether judgment for the moving party was correctly entered as a matter of law. (*Coomer v. Chicago & North Western Transportation Co.* (1980), 91 Ill. App. 3d 17, 414 N.E.2d 865.) The reviewing court may make an independent determination concerning a question of law. *Rymer v. Kendall College* (1978), 64 Ill. App. 3d 355, 380 N.E.2d 1089.

■■ The trial court's method of proceeding part by part in comparing the contract and certificate fails to take into consideration the relationship between the concepts treated in each part. The contract provisions concerning eligibility and effectiveness of the insurance are

not mutually exclusive. They must be read together to determine the time at which an employee would be covered by the contract. In the contract, the effective date of coverage is identified as "the date of [an employee's] eligibility." In the certificate, the effective date is defined as the date on the identification card. In each case, the effective date is subject to modification if the employee is absent from work on the date his insurance would ordinarily become effective. In its effort to establish the moment at which an employee becomes insured, Benefit has used the term "effective date" in two distinct contexts, thus giving the term two possible meanings, only one of which is linked to the six-month eligibility requirement.

Other language in the certificate, while not addressed directly to the question of eligibility, creates the impression that the holder of the card and certificate is qualified for and entitled to insurance, that he is in fact eligible for benefits. The certificate is addressed to "the Insured named in the Identification Card issued with this Certificate *** [who] is insured in the schedule stated on the Identification Card and is covered under the Group Insurance Contract ***." The certificate then lists benefits for "*** Insureds Who Become Eligible ***." There is no qualifying cross reference to the eligibility provision of the contract. Just below the table of benefits and after the heading "EFFECTIVE DATE OF INSURANCE," the certificate states that "[t]he effective date of insurance shall be the date shown on the Identification Card issued with this Certificate and bearing the same Certificate Number ***." The term "effective date" may reasonably be understood to mean the date on which the insurance coverage was in force or became active with respect to Bain. The cumulative effect of such language in the only document freely available to Bain was to establish the date on the card, March 4, 1980, as the time at which Bain could consider himself an "insured" and entitled to benefits. The single sentence in the certificate which declared that all benefits were governed by the contract was not enough to negate the assertion that the card established the date of coverage.

Taking a closer look at the language of the contract and the card and certificate, we find that Benefit's drafting created a conflict as to how one was to determine the effective date of coverage under the contract with FGE. Where there is a conflict between a certificate and a master contract, the certificate normally controls. (*Hofeld v. Nationwide Life Insurance Co.* (1975), 59 Ill. 2d 522, 322 N.E.2d 454.) The effective date of Bain's insurance is determined by the certificate of coverage and the identification card.

We find that there was no genuine issue of material fact before

the trial court and that the court erred in determining as a matter of law that there was no conflict between the contract and certificate. Because of our findings, it is unnecessary for us to reach Bain's other contentions concerning estoppel, waiver, and the effect of Benefit's failure to submit the certificate to the Director of Insurance for approval. We find no merit in Bain's argument that he is entitled to recovery under the doctrine of reasonable expectation. Such a doctrine has not been adopted in Illinois. *Insurance Co. of North America v. Adkisson* (1984), 121 Ill. App. 3d 224.

For all the foregoing reasons, we reverse the circuit court's judgment granting summary judgment to Benefit, and pursuant to our power under Supreme Court Rule 366 (87 Ill. 2d R. 366), we hereby enter summary judgment for the plaintiff and against the defendant, finding that the insurance became effective with respect to the plaintiff on March 4, 1980. We remand this cause for further proceedings with respect to affirmative defenses not ruled on by the trial court.

Reversed; judgment entered for plaintiff; remanded.

HARRISON and KASSERMAN, JJ., concur.