**ROYAL AMERICAN MANAGERS, INC.,
et al., Plaintiffs,**

v.

**INTERNATIONAL SURPLUS LINES
INSURANCE COMPANY, Defendant.**

No. 88–0145–CV–W–9.

United States District Court,
W.D. Missouri, W.D.

March 21, 1991.

Robert L. Wehrman, Lisa A. Weixelman, Polsinelli, White, Vardeman & Shalton, Kansas City, Mo., Edward J. Boyle, New York City, for Royal American Managers, Inc.

Byron Neal Fox, Byron Neal Fox, P.C., Kansas City, Mo., for Willie A. Schonacher, Jr.

Oscar B. Goodman, Goodman, Stein & Chesnoff, Las Vegas, Nev., for James R. Wining.

Robert A. Henderson, Shugart, Thomson & Kilroy, Christine L. Schlomann, Lashly & Baer, P.C., Kansas City, Mo., Terrance J. Good, Lashley, Baer, St. Louis, Mo., Edward F. Ruberry, Bolinger & Ruberry, Chicago, Ill., for International Surplus Lines Ins. Co.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON ITS COUNTERCLAIM FOR RESCISSION AGAINST ROYAL AMERICAN MANAGERS, INC., JAMES R. WINING AND WILLIE A. SCHONACHER, JR.

BARTLETT, District Judge.

### I. *Background*

On February 18, 1988, Royal American Managers, Inc. (RAM), James R. Wining (Wining) and Willie A. Schonacher, Jr. (Schonacher) brought a declaratory judgment action seeking a determination that claims filed by The Omaha Indemnity Company (Omaha Indemnity) against RAM, Wining and Schonacher were covered under two insurance policies issued to RAM by International Surplus Lines Insurance Company (ISLIC). In September 1989, ISLIC filed a Counterclaim alternatively seeking rescission, reformation or damages for intentional and negligent misrepresentation by plaintiffs. Also, in September 1989, plaintiffs filed their Second Amended Complaint in which they allege bad faith on behalf of ISLIC and seek over $220,000,000 in damages.

On July 17, 1990, ISLIC filed a Motion for Summary Judgment on its Counterclaims. Alternatively, ISLIC's motion seeks summary dismissal of plaintiffs' action based upon plaintiffs' repeated invocation of their Fifth Amendment privilege in response to defendant's discovery requests.

Plaintiffs failed to respond to ISLIC's motion despite requesting an extension of time to do so. On September 27, 1990, I issued an order to plaintiffs to show cause why defendant's Motion for Summary Judgment on its Counterclaim against RAM, Wining and Schonacher should not be granted. On October 1, 1990, RAM and Schonacher responded to the show cause order and, at the same time, filed their objections to summary judgment being en-

tered with Memorandum of Points and Authorities. Wining later joined in the response of RAM and Schonacher.

## II. *Standard for Summary Judgment*

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment shall be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, it is the court's obligation to view the facts in the light most favorable to the adverse party and to allow the adverse party the benefit of all reasonable inferences to be drawn from the evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Inland Oil and Transport Co. v. United States*, 600 F.2d 725, 727–28 (8th Cir.), *cert. denied*, 444 U.S. 991, 100 S.Ct. 522, 62 L.Ed.2d 420 (1979).

If there is no genuine issue about any material fact, summary judgment is proper because it avoids needless and costly litigation and promotes judicial efficiency. *Roberts v. Browning*, 610 F.2d 528, 531 (8th Cir.1979); *United States v. Porter*, 581 F.2d 698, 703 (8th Cir.1978). The summary judgment procedure is not a "disfavored procedural shortcut." Rather, it is "an integral part of the Federal Rules as a whole." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986); *see also City of Mt. Pleasant v. Associated Electric Cooperative, Inc.*, 838 F.2d 268, 273 (8th Cir.1988). Summary judgment is appropriate against a party who fails to make a showing sufficient to establish that there is a genuine issue for trial about an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 106 S.Ct. at 2553.

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, the *absence* of genuine issues of material fact. However, the moving party *is not required* to support its motion with affidavits or other similar materials *negating* the opponent's claim. *Id.* (emphasis added).

The nonmoving party is then required to go beyond the pleadings and by affidavits, depositions, answers to interrogatories and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Id.* A party opposing a properly supported motion for summary judgment cannot simply rest on allegations and denials in his pleading to get to a jury without any significant probative evidence tending to support the complaint. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The evidence favoring the nonmoving party must be more than "merely colorable." *Id.* 106 S.Ct. at 2511. When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (footnote omitted).

The inquiry to be made mirrors the standard for a directed verdict: whether the evidence presented by the party with the onus of proof is sufficient that a jury could properly proceed to return a verdict for that party. *Id.* Essentially, the question in ruling on a motion for summary judgment and on a motion for directed verdict is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 106 S.Ct. at 2512.

## III. *Undisputed Facts*

Rule 56(e) provides in part that:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set

forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

In an order dated December 14, 1989, I proposed a procedure for the parties to follow in submitting briefs in support of and in opposition to a Motion for Summary Judgment. Defendant would set out in a separate section of its Motion for Summary Judgment a concise statement of material facts as to which defendant contends no genuine issue exists. The undisputed material facts were to be separately numbered and supported with specific citations to the record. Plaintiffs would respond to each numbered fact by stating whether it was disputed or undisputed. If facts were disputed, plaintiffs were to provide a reason for disputing the facts supported by reference to a specific portion of "an affidavit, declaration under penalty of perjury or relevant portion of depositions, answers to interrogatories or responses to requests for admissions." Although an order was not issued formally putting the procedure into effect, plaintiffs' attorney notified me by letter that plaintiffs did not object to the outlined procedure. Defendant's Motion for Summary Judgment contains a separate section of 79 undisputed facts with appropriate citations to the record.

Plaintiffs' October 1, 1990, objection to ISLIC's summary judgment motion does not comply with either Rule 56(e) or with the procedure I outlined on December 14, 1989. Plaintiffs state they "do not consent to the entry of a summary judgment in this matter" but present no legal authority or citations to specific facts to support their opposition. Instead, they state

> [t]hey believe that there are genuine issues of material facts evidenced in the deposition of WINING on September 28, 1988, and SCHONACHER October 25, 1988, taken by ISLIC's counsel, Mr. Terrance Good. A copy of these depositions are attached hereto and made a part hereof by reference.

I do not believe that it is my responsibility to search through these depositions to attempt to figure out what factual issues plaintiffs have in mind.

When plaintiffs do identify an issue, they do not cite specific facts demonstrating the existence of that issue. For instance, plaintiffs state that one of their contentions is that "ISLIC waived any argument it had with certain applications which it now attempts to avoid." Without citing specific facts, plaintiffs assert this "waiver" issue is "clearly an issue meritorious of a trier of fact's consideration."

Again, with no citations to legal authority or to the record, plaintiffs assert that "the ISLIC policy in question clearly permits The Omaha Indemnity Company a 'direct' right of action against ISLIC."

■ Plaintiffs have failed to comply with the requirement of Rule 56(e) that they "set forth specific facts showing that there is a genuine issue for trial." Courts that have local rules that set forth procedures similar to the one I outlined on December 14, 1989, have held that a movant's statement of undisputed facts is admitted when a non-movant fails to follow the designated procedure in responding to them. *See Bell, Boyd & Lloyd v. Tapy,* 896 F.2d 1101, 1102–03 (7th Cir.1990); *Jones v. Gerwens,* 874 F.2d 1534, 1536, n. 3 (11th Cir.1989); *Nilsson, Robbins, et al. v. Louisiana Hydrolec,* 854 F.2d 1538, 1545 (9th Cir.1988). Furthermore, the only factual material submitted by plaintiffs (hundreds of pages of deposition testimony by Wining and Schonacher) does not show a genuine issue of material fact remains for trial regarding ISLIC's Counterclaim for rescission. Accordingly, defendant's 79 undisputed facts will be deemed admitted.

Plaintiffs set forth difficulties they have encountered in opposing ISLIC's Motion for Summary Judgment. In regard to the invocation of their Fifth Amendment privilege, plaintiffs state they

> are not in a position to file affidavits in opposition to the Motion for Summary Judgment even though it is clear from the course of this litigation and the parallel litigation before this court of *The Omaha Indemnity Company v. RAM,*

*et al.,* that there are voluminous issues of fact.

■ The fact that Wining and Schonacher are not in a position to file affidavits opposing ISLIC's summary judgment motion because they repeatedly have invoked their Fifth Amendment privilege in response to ISLIC's discovery requests does not save them from having summary judgment entered against them. If anything, plaintiffs' repeated invocation of the Fifth Amendment privilege lends further support to the undisputed facts set forth by ISLIC. In *Baxter v. Palmigiano,* 425 U.S. 308, 318–20, 96 S.Ct. 1551, 1558–59, 47 L.Ed.2d 810 (1976), the United States Supreme Court held that an adverse inference may be drawn from an inmate's failure to testify at disciplinary proceedings. The Court noted that

> [o]ur conclusion is consistent with the prevailing rule that the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them; the Amendment 'does not preclude the inference where the privilege is claimed by a party to a civil cause.'

*Id.* 96 S.Ct. at 1558 (quoting 8 J. Wigmore, Evidence 439 (McNaughten Rev.1961)). *See also Pagel, Inc. v. Securities and Exchange Commission,* 803 F.2d 942, 946–47 (8th Cir.1986); *Rosebud Sioux Tribe v. A & P Steel, Inc.,* 733 F.2d 509, 521–22 (8th Cir.1984), *cert. denied,* 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984).

■ Plaintiffs also assert that they do not have the "financial resources to fight this pending Motion for Summary Judgment" and that "with the United States of America threatening that charges are being prepared against employees of RAM, there is no one willing to speak in support of either RAM's or Schonacher's position."

It is significant that plaintiffs brought this case and are seeking $220,000,000 in damages against ISLIC. To allow plaintiffs to initiate this case and then use the invocation of their Fifth Amendment privilege to prevent ISLIC from litigating its Counterclaim would be unfair. Plaintiffs'

argument that they now have inadequate financial resources to litigate this case similarly is unavailing.

### IV. *ISLIC Will Be Granted Summary Judgment On Its Counterclaim For Rescission*

■ Misrepresentations in an application for an insurance policy are grounds for rescission of the policy.

> The rule in this state, as we understand it, is that where material representations made in an application for a policy of life insurance are warranted to be true, or the policy is conditioned upon the truth of the representations, or provides that the falsity of the representations shall avoid the policy, then the representations, if in fact untrue, will avoid the policy, though the representations were innocently made. This is so because such is the contract. The insurer is entitled to stand on the contract as written, and the innocence of the insured in making the representations is a matter of no concern.

*Dixon v. Business Men's Assurance Company of America,* 365 Mo. 580, 285 S.W.2d 619, 625 (1955).

■ The undisputed facts set forth by ISLIC show that Wining signed an application to ISLIC dated October 31, 1983, to obtain an excess insurance policy providing errors and omissions insurance for agents and brokers. Schonacher signed an application to ISLIC dated November 19, 1984, for a primary insurance policy. Statement of Undisputed Facts at ¶¶ 6, 7, 13. The representations made in each application for insurance coverage were warranted to be true. In each application the following declaration appeared over the signature of the applicant: "The undersigned ... declares all statements set forth herein are true, complete and accurate." Statement of Undisputed Facts at ¶¶ 30, 58.

■ Wining and Schonacher made untrue representations in their policy applications regarding the amount of premiums RAM would and did write, RAM's corporate affiliations and associations and RAM's subsidiaries. Statement of Undis-

puted Facts at ¶¶ 32–54, 60–77. In an action to rescind an insurance policy, it does not matter if misrepresentations in an application are made negligently or intentionally. "The law in Missouri is that a material misrepresentation in an application for insurance is a valid ground for avoiding the policy, *even though the misrepresentation is innocently or inadvertently made." Delisle v. Cape Mutual Insurance Co.,* 675 S.W.2d 97, 100 (Mo.App.1984) (quoting *American Fire and Indemnity Co. v. Lancaster,* 415 F.2d 1145, 1146 (8th Cir. 1969) (emphasis added)).

In order for ISLIC to be able to rescind the policies, the untrue statements made by Wining and Schonacher also must be material. "A misrepresentation that would likely affect the conduct of a reasonable man in respect to his transaction with another is material.... [W]hether a misrepresentation is material in an application for an automobile insurance policy, is determined by whether the fact, if stated truthfully, might reasonably have influenced the insurance company to accept or reject the risk or to have charged a different premium...." *Miller v. Plains Insurance Co.,* 409 S.W.2d 770, 774 (Mo.App.1966).

The misrepresentations of Wining and Schonacher were material. In response to the application signed by Wining dated October 31, 1983, ISLIC issued Excess Policy Number 524–34737–1 on May 11, 1984. Statement of Undisputed Facts at ¶ 8. In response to the application signed by Schonacher dated November 19, 1984, ISLIC issued Primary Insurance Policy Number 524–051006–4 on December 11, 1984. Statement of Undisputed Facts at ¶ 14. If Wining and Schonacher had not made the misrepresentations they did, ISLIC would have investigated RAM further before issuing the policies, would have charged higher premiums and also might have included additional restrictive endorsements on the policies. Statement of Undisputed Facts at ¶¶ 55–56, 78–79.

Because the undisputed facts show that Wining and Schonacher made untrue material representations in applying for the policies after warranting that their representations were true, ISLIC is entitled, as a matter of law, to prevail on its Counterclaim for rescission.

For the foregoing reasons and for the reasons set forth in ISLIC's July 17, 1990, Suggestions in Support of Motion for Summary Judgment and in ISLIC's October 11, 1990, Suggestions in Opposition to Plaintiffs' Response to Order to Show Cause, it is hereby ORDERED that:

1) ISLIC's Motion for Summary Judgment on its Counterclaim for rescission against plaintiffs is granted; and

2) both insurance policies that ISLIC issued to plaintiffs (ISLIC Excess Policy Number 524–34737–1 and ISLIC Primary Policy Number 524–051006–4) are rescinded.