**FARM BUREAU TOWN & COUNTRY INSURANCE OF MISSOURI, Appellant,**

v.

**Brian HILDERBRAND, Ricky G. Kertz, Respondent.**

**No. WD 51856.**

Missouri Court of Appeals, Western District.

Aug. 20, 1996.

---

Ralph Max Humphreys, Jefferson City, for Appellant.

Gary G. Sprick, Fayette, for Respondent Brian Hilderbrand.

Christian Faiella, Moberly, for Respondent Ricky G. Kertz.

Before ULRICH, C.J., P.J., and FENNER and BRECKENRIDGE, JJ.

ULRICH, Chief Judge.

Farm Bureau Town & Country Insurance Company of Missouri (Farm Bureau) filed a declaratory judgment action to determine coverage under a farm liability insurance policy issued to Rick Kertz for the claims arising out of a May 19, 1994, automobile/tractor accident involving Mr. Kertz and Brian Hilderbrand. Farm Bureau sought a declaration that the claims brought by Mr. Hilderbrand against Mr. Kertz were not covered under the policy by application of an exclusionary clause. The trial court found that coverage existed under the insurance policy. The judgment of the trial court is affirmed.

On appeal, Farm Bureau raises three points of error. It claims that the trial court erred in (1) finding the insurance contract or applicable exclusionary clause ambiguous, (2) admitting evidence of the ambiguity and the reasonable expectations of the parties and (3) finding the evidence insufficient regarding whether Mr. Kertz was acting within the scope and course of his employment with a partnership at the time of the accident. Points one and two being dispositive, point three need not be addressed.

## FACTS

Rick Kertz is a self-employed farmer and owns several acres of land that he farms. He also engages in a farming partnership with his father and brother. In the summer of 1993, Bernard Kertz, Rick's father, met with Phil Berry, an agent of Farm Bureau, to discuss property and farm liability insurance for the family farming partnership, Kertz Farms. During this meeting, Mr. Berry visited the property and took photographs of the homes and buildings on the land. Applications were completed and a rate was quoted. Kertz Farms, however, did not purchase the insurance from Farm Bureau.

In February 1994, Rick's wife, Pam, began shopping for insurance for their new home. She met with Mr. Berry on February 21, 1994. After discussing homeowners insurance, Mr. Berry suggested the purchase of liability insurance to cover Mr. Kertz because he moved farm equipment and machinery between farms. An application for insurance was then completed by Mr. Berry and signed by Mrs. Kertz.

On May 19, 1994, Mr. Kertz was involved in an accident with Brian Hilderbrand while operating farm machinery owned by the Kertz Farms partnership. At the time of the accident, Mr. Kertz was moving the machinery between farms owned and operated by the partnership. On August 9, 1994, Mr. Hilderbrand sued Mr. Kertz for personal injuries arising out of the accident. Farm Bureau declined coverage for the accident based on a clause in the policy excluding coverage for injuries arising out of the conduct of partnership business. It then filed this declaratory action with the trial court. Farm Bureau appeals from the trial court's ruling.

## I. INSURANCE POLICY IS AMBIGUOUS

As its first point on appeal, Farm Bureau claims the trial court erroneously determined that coverage existed under the farm liability insurance policy issued to Mr. Kertz for the claims arising out of the May 19, 1994, accident based on the objective reasonable expectations of the parties. It argues that the court failed to make, and the evidence did not support, a finding that the insurance contract was ambiguous.

In a court-tried case, the judgment of the trial court will be sustained on appeal unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law or it erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). In reviewing an insurance policy, the policy will be given a reasonable construction and interpreted so as to afford rather than defeat coverage. *Universal Underwriters Ins. Co. v. Dean Johnson Ford, Inc.,* 905 S.W.2d 529, 533 (Mo.App.1995). Policy provisions designed to restrict, limit or impose exceptions or exemptions on insurance coverage will be strictly construed against the insurer. *Id.*

The primary rule in interpretation of contracts is to ascertain the intent of the parties and give effect to that intent. *Mt. Hawley Ins. Co. v. Azia Contractors, Inc.,* 886 S.W.2d 640, 642 (Mo.App.1994). Where the contract is not ambiguous, the intent of the parties is determined from the contract alone. *Id.* Where the contract is ambiguous, however, the court must examine all relevant circumstances surrounding the relationship of the parties, the construction placed on the contract by the parties over time and any other facts and actions that reveal the intention of the parties. *Id.*

An ambiguity arises where there is duplicity, indistinctness or uncertainty in the meaning of the words used in the contract. *Rodriguez v. General Accident Ins. Co. of Am.,* 808 S.W.2d 379, 381 (Mo. banc 1991). A contract is ambiguous if it promises something in one point and takes it away in another. *Maxon v. Farmers Ins. Co., Inc.,* 791 S.W.2d 437, 438 (Mo.App.1990). Any ambiguity is construed against the insurance company. *Id.*

In this case, the trial court correctly found that the application and the applicable exclusion provision in the insurance policy were ambiguous. It explained, "[T]he application for insurance prepared by Plaintiff's agent Berry contained information that was erroneous, confusing and misleading with respect to the true situation concerning Defendant Kertz's liability coverage."

The application for insurance consisted of two documents. The initial application dated February 21, 1994, and prepared by Mr. Berry, contained the following handwritten notation:

> EXCLUDE FARM LIABILITY. FARM INSURED UNDER "KERTZ FARMS" W/ FARMERS INS. INSURED W/ FATHER BERNARD KERTZ (membership 092571). His house he lived in prev. to this was covered in that policy. Rick has farm liab. through corporation.

This information, however, was false based on an assumption by Mr. Berry as a result of his previous meeting with Bernard Kertz that Kertz Farms had liability insurance to cover Rick. The second application prepared March 1, 1994, contained the notation, "ADD FARM LIABILITY."

The insurance policy contained a clause excluding coverage for "bodily injury arising out of the conduct of any partnership or joint venture of which the insured is a partner or member and which is not shown as an insured on the information page." Read together [1], the applications and the policy are unclear and ambiguous regarding the farm liability coverage provided to Rick Kertz. The first application notes that Rick is covered under insurance issued to Kertz Farms. The second application then promises to provide farm liability coverage to Rick when he is moving farm machinery. Finally, the partnership exclusion in the policy takes the coverage away. The extent of farm liability coverage provided to Rick Kertz by the insurance policy is uncertain. The trial court's finding of ambiguity and its consideration of all relevant circumstances surrounding the purchase of the insurance, therefore, was proper. Point one is denied.

## II. CLAIM OF AMBIGUITY IS NOT AN AFFIRMATIVE DEFENSE

In point two, Farm Bureau contends that the trial court erred in admitting evidence of ambiguity in the insurance policy

---

1. See *Crawford v. Mid–America Ins. Co.,* 488 S.W.2d 255 (Mo.App.1972)(where insurance policy contained more restrictive provision regarding coverage than application, policy provision was construed against insurer).

and the reasonable expectations of the Kertzes. It argues that the matters were not raised in the pleadings as affirmative defenses or avoidances pursuant to Rule 55.08 and, therefore, the trial court lacked jurisdiction to hear the issues.

An affirmative defense seeks to defeat or avoid the plaintiff's cause of action. *Tindall v. Holder*, 892 S.W.2d 314, 326 (Mo. App.1994). It avers that even if the petition is true, the plaintiff cannot prevail because there are additional facts that permit the defendant to avoid legal responsibility. *World Enter., Inc. v. Midcoast Aviation Servs., Inc.*, 713 S.W.2d 606, 608 (Mo.App. 1986). "The term 'additional facts' contemplates new matter, *i.e.*, acts, transactions, or occurrences which do not form part of the original contract or transaction but those which have arisen since the plaintiff's cause of action came into existence." *Id.* at 608–609.

A pleading must state the theory of the case sufficiently to inform the adversary and the court about the questions presented for decision and establishes the jurisdiction of the trial court to enter judgment. *Bryant v. Price*, 893 S.W.2d 856, 859 (Mo. App.1995). Rule 55.08 requires that an affirmative defense or avoidance be specifically pleaded in order to give notice to the plaintiff. *World*, 713 S.W.2d at 609. If the plaintiff's cause of action never had a legal existence, however, the proper answer is a general denial. *Id.* "Thus, any evidence which will show that the plaintiff's cause never had a legal existence is admissible under a general denial even though the facts are affirmative insofar as they negate the plaintiff's cause of action and are not by way of confession and avoidance." *Id.*

Ambiguity in a contract is not an affirmative defense in a cause of action to enforce the contract. The issues of ambiguity and the intent of the parties arise in the interpretation of the contract. Additional facts, i.e., acts, transactions, or occurrences that do not form a part of the original contract, need not be considered in determining whether the provisions in a contract are ambiguous. Evidence of ambiguity and the rea-

sonable expectations of the parties tend to show that the plaintiff's cause of action to enforce the contract never had a legal existence. This evidence is admissible under the defense of general denial. Thus, the trial court in this case, properly admitted evidence that the insurance policy was ambiguous and of the reasonable expectations of the Kertzes. Point two is denied.

The judgment of the trial court is affirmed.

BRECKENRIDGE, J., concurs.

FENNER, J., not participating because no longer a member of the court.